UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7632 PA (ASx) | Date | October 20, 2022 |
|---|---|---|---|
| Title | Applied Data Finance, LLC v. Does 1-50 | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Complaint filed by plaintiff Applied Data Finance ("Plaintiff"). The Complaint asserts claims for violations of the Lanham Act, Computer Fraud and Abuse Act, and California Business and Professions Code sections 17200 and 17500, against 50 Doe defendants.

The Complaint alleges that Plaintiff is a Delaware limited liability company. The Complaint alleges that Plaintiff "is ignorant of the true names and capacities . . . of Defendants. . . . Plaintiff is also currently unaware of the residences of Defendants." (Compl. ¶ 7.) The Complaint alleges in conclusory fashion that the Court "has personal jurisdiction over Defendants because on information and belief, (a) Defendants have marketed their services and and/or sold their services to persons within the state of California including within the Central District of California by impersonating Plaintiff's trademarks and/or trade name or by aiding and abetting the impersonating Defendants' wrongful conduct; (b) Defendants regularly transact and conduct business within the state of California; and (c) Defendants have otherwise made or established contacts within the state of California sufficient to permit the exercise of personal jurisdiction." (Id. ¶ 4.) In support of venue in the Central District of California, Plaintiff alleges the legal conclusion that this District "is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claim occurred in this District." (Id. ¶ 5.)

These conclusory allegations are insufficient to support venue or personal jurisdiction over Defendant in the Central District of California ("Central District"). Cf. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); Johnson v. L., 19 F. Supp. 3d 1004, 1010 (S.D. Cal. 2014). Because Plaintiff is not alleged to have a connection to the Central District, and the Complaint admits that Plaintiff does not know who the defendants are or where they are located, the only connection between Plaintiff's claims and the Central District appears to be Plaintiff's retention of counsel in the Central District. Nor are Plaintiff's conclusory allegations of transactions occurring within the Central District of the sort that might qualify as the "express aiming" necessary to support the exercise of personal jurisdiction over defendants. "The inquiry whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7632 PA (ASx) | Date | October 20, 2022 |
|---|---|---|---|
| Title | Applied Data Finance, LLC v. Does 1-50 | | |

a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S. Ct. 1473, 1478, 79 L. Ed. 790 (1984)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284, 134 S. Ct. at 1121. In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State" and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 284-85, 134 S. Ct. at 1122; see also id. at 285, 134 S. Ct. at 1122 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); id. at 286, 134 S. Ct. at 1123 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

The Court orders Plaintiff to show cause why this action should not be dismissed without prejudice for lack of personal jurisdiction. The Court additionally orders Plaintiff to show cause why venue is proper in the Central District of California (the "Central District"), and why this action should not be dismissed or transferred to another district for the convenience of the parties and witnesses, and in the interest of justice. See 28 U.S.C. §§ 1404, 1406. Plaintiff's written response to the Order to Show Cause shall not exceed 15 pages. All factual matters relied upon in the submission must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

1. Whether this action could have been brought in a United States District Court for a District other than the Central District, and if so, which District(s);

2. What contacts, if any, each of the parties has to the Central District and any other District in which venue might be appropriate. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact;

4. Which alleged unlawful practices occurred within the Central District;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7632 PA (ASx) | Date | October 20, 2022 |
|---|---|---|---|
| Title | Applied Data Finance, LLC v. Does 1-50 | | |

5.  What specific facts, if any, establish that a Court within the Central District possesses personal jurisdiction over defendants;

6.  Which witnesses are expected to be called and where they reside;

7.  The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to another proper venue;

8.  The ease of access to sources of proof in each proper forum;

9.  The expected difference in the cost of litigation in the Central District as compared to another proper forum; and

10. Whether there are any alternative forums that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served.  Plaintiff is ordered to file his Response to this Order no later than November 7, 2022.  Defendants may file a Response no later than the latter of November 21, 2022, or 21 days after they are served with the Summons and Complaint.  Failure to timely and adequately respond to this Order may result in the dismissal or transfer of this action without further warning.

IT IS SO ORDERED.